Frederick R. Gruen, Esq. (NJ – 242091967)
Gruen & Goldstein
1150 West Chestnut Street
Union, New Jersey 07083
Phone: 908-687-2030
gruenfred@verizon.net

Seth Eisenberger, Esq. (SE-6769)
The Law Office of Seth Eisenberger
108 Airport Executive Park
Nanuet, New York 10954
Tel: (845) 426-3400
Fax: (845) 426-3401
seth@sethesq.com

*Attorneys for Defendant Michael Konig*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x   Civil Action No. CV-09-05576
RAPHAEL BILD,

                                                          Plaintiff,

                          v.

MICHAEL KONIG and ABRAHAM WEIDER,

                                                        Defendants.
------------------------------------------------------------------------x

### DEFENDANT MICHAEL KONIG'S BRIEF IN OPPOSITION TO ORDER TO SHOW CAUSE TO COMPEL ABRAHAM ROTH AND ROTH & COMPANY TO PRODUCE DOCUMENTS

      Defendant Michael Konig, by his attorneys, respectfully submits this brief in opposition to an Order to Show Cause to compel Abraham Roth and Roth & Company LLP (collectively, "Roth") to produce documents in response to the subpoena duces tecum served on them by the plaintiff in this action. A copy of the Subpoena is attached hereto as Exhibit A.

      At this time, defendant is unaware of the extent of responsive documents which may be in Roth's possession. In light of this limitation, even if Roth was ordered to produce documents

{032483}

or did so voluntarily (which he should not), the Court should require Roth to first issue a log of documents and permit defendant to file any objections concerning the production of the specific document listed.

Furthermore, as discussed in Point II, plaintiff's entire claim against defendant Konig is futile as a matter of law. Therefore, discovery (which is questionable at best) is premature. The Court has already set a schedule for defendants' motions pursuant to Fed. R. Civ. P. 12(b)(6) and any discovery of Roth or defendants should be prohibited at this time.

## PRELIMINARY STATEMENT

Plaintiff brought this action for defendant Weider's alleged breach of a loan agreement and his failure to pay amounts due under the related promissory note. See Amended Complaint, annexed hereto as Exhibit B. Plaintiff further alleges that at an arbitration before Roth, a settlement agreement was entered into between defendants Konig and Weider. Plaintiff's sole claim against defendant Konig is purportedly as a third party beneficiary of the claimed settlement agreement.

Plaintiff previously served a subpoena on Roth which upon Konig's objection was quashed. During the last Court conference, both defendants Konig and Weider timely objected to the subpoena of Roth who acted as the arbitrator between Konig and Weider. The objections were well within 14 days of service of the original subpoenas which were re-served after the Court conference. For the reasons stated in Court and below, a protective order should be issued and the subpoena issued to Roth should be quashed.

## ARGUMENT

## POINT I

### AS A MATTER OF LAW, THE ARBITRATION MATERIALS ARE PROTECTED FROM DISCOVERY

A. THE CONFIDENTIAL SETTLEMENT AGREEMENT SHOULD NOT BE DISCOVERABLE AS A MATTER OF PUBLIC POLICY

Plaintiff seeks discovery of Roth -- the arbitrator between Konig and Weider. The complaint explicitly refers to Roth as the defendants' arbitrators and readily admits that plaintiff knew at all times that Roth was acting as the defendants' arbitrators.

"[T]here is a strong public interest in preserving the confidentiality of arbitration proceedings" even in the face of the "countervailing public and private interest in affording a litigant the opportunity to broadly discover information in support of its case." Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Mgmt., Inc., 2005 U.S. Dist. LEXIS 32116 (E.D.N.Y. June 28, 2005) (overruling Magistrate Judge's decision to order disclosure of confidential arbitration settlement agreement); see also Gambale v. Deutsche Bank AG, 377 F.3d 133, 144 (2d Cir. 2004) (finding a "serious abuse of discretion" where a district court disclosed the details of a confidential settlement agreement). This is because "protecting the confidentiality of settlement agreements encourages settlement, which is in the public interest, [and] permitting disclosure would discourage settlements, contrary to the public interest. . . . The public interest in maintaining confidentiality of settlements is therefore strong." Hasbrouck v. BankAmerica Hous. Servs., 187 F.R.D. 453, 459 (N.D.N.Y 1999) (granting motion for protective order with respect to settlement agreement).

In the instant matter, the parties had entered into their arbitration with an agreement that the proceedings would be confidential. Thus, as a matter public policy and the case law of this circuit, disclosure of any settlement agreement should not be allowed.

{032483} 3

B.  COMPELLING AN ARBITRATOR'S TESTIMONY IS NOT PERMITTED AND SUCH TESTIMONY IS INADMISSIBLE

A party is generally not permitted to subpoena or otherwise compel or use the testimony of an arbitrator.  The Second Circuit has specifically stated that it is "well-settled law" that "the deliberative thought processes of judges, juries or arbitrators is inadmissible." Rubens v. Mason, 387 F.3d 183, 191 (2d Cir. N.Y. 2004) (citing Chicago, Burlington & Quincy Ry. Co. v. Babcock, 204 U.S. 585, 593, 51 L. Ed. 636, 27 S. Ct. 326 (1907) (examination of members of state tax board as to the reasons for their assessment is as "wholly improper" as it would be to examine a jury, umpire, judge or arbitrator));  see also Fayerweather v. Ritch, 195 U.S. 276, 307, 49 L. Ed. 193, 25 S. Ct. 58 (1904) (testimony given by trial judge as to what matters he considered six years earlier in adjudicating will dispute was inadmissible because "no testimony should be received except of open and tangible facts, - matters which are susceptible of evidence on both sides");  Brownko Int'l Inc. v. Ogden Steel Co., 585 F. Supp. 1432, 1436 (S.D.N.Y. 1983) (arbitrator may not be called as a witness in subsequent lawsuit to explain award).

The exception to this rule is for claims of arbitrator's bias or prejudice – which is not the issue at hand.  See, e.g. Hoeft v. MVL Group, Inc., 343 F.3d 57, 67 (2d Cir. N.Y. 2003) ("While arbitrators may be deposed regarding claims of bias or prejudice, cases are legion in which courts have refused to permit parties to depose arbitrators - or other judicial or quasi-judicial decision-makers - regarding the thought processes underlying their decisions.")

In the instant matter, plaintiff is clearly not seeking materials and testimony relating to claims of bias or prejudice—the only permitted category.  Rather, plaintiff's subpoena seeks materials relating to the substance of the arbitration, which would necessarily be reflective of the arbitrator's thought process.  As the disclosure of these matters would be improper and the material produced inadmissible, the subpoena should be quashed and a protective Order entered.

## POINT II

### THE DISCOVERY SOUGHT BY PLAINTIFF IS FUTILE TO PLAINTIFF'S CLAIM

As set forth above, plaintiff's claims against defendant Konig do not arise from the original claimed loan. Plaintiff's claim against Konig is based on a theory of third-party beneficiary only. The allegations in the complaint and the claimed indemnification agreement upon which plaintiff relies does not create any liability for defendant Konig as a matter of law.

First, plaintiff is basing Konig's alleged liability on his agreement to indemnify Weider. However, as a matter of law, an indemnification agreement does not give plaintiff the status of a third party beneficiary. See, e.g. MBL Contr. Corp. v. King World Prods., Inc., 98 F. Supp. 2d 492, 497 (S.D.N.Y. 2000) (denying a claim as third party beneficiary to an indemnity agreement, as it was clearly intended to protect the party to be indemnified, not third-party claimants whose claims could lead to the indemnity.); see also United States v. Jacobs, 304 F. Supp. 613, 622-623 (S.D.N.Y. 1969) ( "an indemnity agreement does not ordinarily create a third party beneficiary interest in the creditor of the indemnitee").

Second, plaintiff's allegations do not even fulfill the basic requirements to establish a claim based on third-party beneficiary. "[U]nder New York law, a plaintiff claiming rights as a third-party beneficiary must demonstrate: '(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for his benefit and (3) that the benefit to him is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate him if the benefit is lost.'" Mayo v. County of Albany, 357 Fed. Appx. 339, 343 (2d Cir. N.Y. 2009); (quoting Cal. Pub. Emples. Ret. Sys. v. Shearman & Sterling, 95 N.Y.2d 427, 434-435 (N.Y. 2000)); see also, Fourth Ocean Putnam Corp. v. Interstate Wrecking Co., 66 N.Y.2d 38, 45 (1985) (holding that third party can be

beneficiary only if "language of the contract . . . clearly evidences an intent to permit enforcement by the third party").

In the case at bar, plaintiff is claiming that he is the intended and immediate beneficiary of an agreement between defendants. However, the documentary evidence clearly proves that he was not. <u>The arbitration agreement specifically included a confidentiality clause</u>. Thus, plaintiff could <u>not</u> have been a third party beneficiary of the <u>confidential</u> arbitration nor the claimed agreement resulting there from.

Moreover, the amended complaint does not allege that Konig ever made any representations to plaintiff or that plaintiff was ever provided with any copy of any agreement whatsoever. Plaintiff's allegations concerning conversations that he claims to have had with Weider and Roth and his alleged reliance thereon cannot create any liability for Konig. As discussed above, the arbitration agreement contained a confidentiality clause and this specifically prohibited Weider and Roth from disclosing any terms of the arbitration and any possible settlement agreement. Thus, plaintiff could not have relied on Weider's and Roth's alleged statements concerning the arbitration.

Finally, Weider and Roth could not bind Konig through any alleged statements to plaintiff. Weider and Roth were not Konig's agents nor did they have any actual or apparent authority to act on Konig's behalf. <u>See</u> <u>Meisel v. Grunberg</u>, 651 F. Supp. 2d 98, 113 (S.D.N.Y. 2009) (complaint dismissed because the complaint contains insufficient facts from which it can be inferred that defendant acted as the agent). On the contrary, as detailed above, the arbitration agreement specifically prohibited the disclosure of any information.

**<u>CONCLUSION</u>**

For the foregoing reasons, defendant Konig respectfully requests that the Court enter an Protective Order and quash the subpoena served by plaintiff to Abraham Roth and Roth and Company.

Dated:  Nanuet, New York
        June 1, 2010

                        THE LAW OFFICE OF SETH EISENBERGER

                        By:  /s/ Seth Eisenberger
                            Seth Eisenberger (SE-6769)
                        108 Airport Executive Park
                        Nanuet, New York 10954
                        Tel: (845) 426-3400

                            and

                        Frederick R. Gruen, Esq. (NJ – 242091967)
                        GRUEN & GOLDSTEIN
                        1150 West Chestnut Street
                        Union, New Jersey 07083
                        Phone: 908-687-2030

                        *Attorneys for Defendant Michael Konig*