UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

RAPHAEL BILD,

                     Plaintiff,

    -against-

MICHAEL KONIG and ABRAHAM WEIDER,

                    Defendants.

--------------------------------------------------------------------X

09-CV-5576 (ARR)(VLP)

NOT FOR PRINT
OR ELECTRONIC
PUBLICATION

ORDER

ROSS, United States District Judge:

On June 3, 2010, the Honorable Viktor V. Pohorelsky, United States Magistrate Judge,

required non-party Mr. Abraham Roth to appear for a deposition to provide testimony and to

produce certain documents as limited by the court on the record. (Dkt. No. 34.)  On June 17,

2010, defendant Michael Konig filed objections to Judge Pohorelsky's June 3, 2010 Order. (Dkt.

No. 37.)  On June 18, 2010, defendant Konig filed a letter seeking an immediate stay of Judge

Pohorelsky's June 3, 2010 Order, (Dkt. No. 41), which plaintiff opposes. (Dkt. No. 47.)

With respect to the deposition of Mr. Roth, I find that given the limited subject matter on

which Mr. Roth must provide testimony, no "deliberative thought process" is at issue as the

alleged settlement agreement between defendants is not deliberative in character.

Defendant Konig also states that the agreement itself should be barred as the product of a

confidential arbitration agreement and futile to the plaintiff's claims. (Def.'s Mem. at 5-6, 8.)  In

the arbitration award context, courts have found that "[w]hile there is a strong public interest in

preserving the confidentiality of arbitration proceedings, there is also a countervailing public and

private interest in affording a litigant the opportunity to broadly discover information in support

of its case." Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Management, 2005 WL

1522783 (E.D.N.Y 2005) (citing Hasbrouck v. America Housing Services, 187 F.R.D. 453, 461

(N.D.N.Y.1999)).  Here, plaintiff alleges that he is a third party beneficiary to the 2007 alleged

settlement agreement, and thus a determination of the merits of that claim depends on the

existence and terms of such an agreement.  Accordingly, I conclude that Judge Pohorelsky's June

3, 2010 Order should not be disturbed.[1]

       The parties are not precluded from raising concerns before Judge Pohorelsky about the

scope of any questions during Mr. Roth's deposition, nor are they precluded from raising

additional discovery matters before Judge Pohorelsky.


SO ORDERED.


                                       s/ ARR

                               _____
                               Allyne R. Ross
                               United States District Judge


Dated: June 22, 2010
       Brooklyn, New York

---

[1] Plaintiff states that if defendant Konig were to produce the alleged Settlement Agreement immediately, plaintiff would be willing to postpone the deposition of Mr. Roth until after the motions to dismiss are fully briefed. (Dkt. No. 47 at 3.)  I take no position on any arrangement made between the parties or any further applications made to Judge Pohorelsky regarding the disclosure of the Settlement Agreement.