```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

RAFAEL BILD,                                            09-CV-5576 (ARR)(VVP)
                    Plaintiff,
                                                        NOT FOR ELECTRONIC
        -against-                                       OR PRINT PUBLICATION

MICHAEL KONIG and ABRAHAM                               OPINION & ORDER
WEIDER,

                    Defendants.
-------------------------------------------------------X
ROSS, J.
```

Plaintiff Rafael Bild ("Bild" or "plaintiff") commenced this action on December 21, 2009 against defendants Michael Konig ("Konig") and Abraham Weider ("Weider" and, together with Konig, "defendants"), invoking this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, and asserting New York state law claims of breach of contract. Plaintiff amended his Complaint on May 27, 2010. On February 14, 2011, this court issued an Opinion & Order ("February 14th Order") which denied Weider's motion to dismiss plaintiff's claims as barred by the statute of limitations, and granted Konig's motion to dismiss plaintiff's third party beneficiary claim. On February 28, 2011, plaintiff moved for reconsideration of the February 14th Order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Rule 6.3. For the following reasons, plaintiff's motion for reconsideration is granted in part and denied in part.

## BACKGROUND

The court presumes familiarity with the underlying factual background. The court directs the parties to the statement of factual allegations in its February 14th Order. Dkt No. 69 at 1-4.

On February 28, 2011, plaintiff filed a motion for reconsideration pursuant to Rule 59(e) with this court. In that motion, plaintiff asks the court to reconsider its rulings that (i) plaintiff is

not a third-party beneficiary under the agreement entered into between Weider and Konig on March 29, 2007 ("March Agreement") and (ii) the March Agreement did not constitute a valid acknowledgement restarting the statute of limitations for plaintiff's claims against Weider pursuant to Section 17-101 of the New York General Obligations Law ("Section 17-101").

For the reasons set forth below, plaintiff's motion is granted in part and denied in part. The court finds that plaintiff has sufficiently alleged a third-party-beneficiary claim against Konig. The court, however, rejects plaintiff's claim that the March Agreement constituted a valid acknowledgment pursuant to Section 17-101.

## DISCUSSION

I.  Legal Standard

Rule 59(e) of the Federal Rules of Civil Procedure and Local Rule 6.3 govern motions to "alter or amend a judgment." Fed. R. Civ. P. 59(e). Courts have recognized three major grounds justifying reconsideration pursuant to Rule 59(e): "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citations and internal quotation marks omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Rafter v. Liddle, No. 07-2282-cv, 2008 WL 3842709, at *1 (2d Cir. Aug. 13, 2008) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995)). However, a Rule 59(e) and "Rule 6.3 motion 'is not a motion to reargue those issues already considered when a party does not like the way the original

motion was resolved.'" Johnson v. Bartlett, No. 96 CIV. 6941, 1999 WL 2872, at *1 (S.D.N.Y. Jan.4, 1999) (quoting In re Houbigat, Inc., 914 F.Supp. 997, 1001 (S.D.N.Y. 1996)).

II.     Plaintiff's Third-Party-Beneficiary Claim

Under New York law, a party asserting rights as a third-party beneficiary must establish that "(1) a valid and binding contract existed, (2) the contract was intended for the plaintiff[']s benefit, and (3) the benefit to the plaintiff is immediate (rather than incidental), indicating that the contracting parties intended to compensate the plaintiff." ACE Chrome Corp. v. IBEX Const., LLC, No. 08 Civ. 10401, 2009 WL 2482136, at *3 (S.D.N.Y. Aug. 13, 2009). The "parties' intent to benefit the third party must be apparent from the face of the contract . . . [and] [a]bsent clear contractual language evincing such intent, New York courts have demonstrated a reluctance to construe such an intent." LaSalle Nat'l Bank v. Ernst & Young LLP, 285 A.D.2d 101, 729 N.Y.S.2d 671, 676 (N.Y. App. Div. 2001) (citations omitted).

In its February 14 Order, this court held that because "the language of the March Agreement, taken as a whole, does not evidence an intent on the part of Defendants to benefit Plaintiff, he is not a third-party beneficiary thereunder." Dkt. No. 69 at 17. The court found that the March Agreement contained several provisions indicating that defendants intended that the agreement define the scope of their arbitration proceedings. Id. at 16-17. But the court found that defendants did not intend the agreement to benefit plaintiff in any way. Id. Thus, it dismissed plaintiff's third party beneficiary claim against Konig.

In his motion for reconsideration, plaintiff now argues that the court should not have dismissed his third-party-beneficiary claim by relying upon a "single, incomplete, heavily redacted copy of the March Agreement." Plaintiff's Memorandum in Support of his Motion for Reconsideration ("Pl. Mem.") at 10. Plaintiff argues that further discovery and a complete copy

of the March Agreement will reveal that defendants intended that the March Agreement benefit him. Id. Upon further reflection, the court agrees that plaintiff's third-party-beneficiary claim should not be dismissed at this stage of the litigation.

The court must reconsider its previous ruling because the parties have not submitted a complete version of the March Agreement to the court. In his Amended Complaint, plaintiff alleges that defendants entered into the March Agreement and that he is an intended beneficiary of that agreement, because Konig promised to pay to plaintiff all sums due under the Loan Agreement and Note. Amended Compl. ¶¶ 40-41. A review of the redacted version of the March Agreement currently before the court suggests that the agreement is not intended to benefit plaintiff; but a "contract must be 'read as a whole to determine its purpose and intent.'" In re El-Roh Realty Corp., 74 A.D.3d 1796, 1799 (N.Y. App. Div. 2010) (citation omitted). The provisions currently redacted from the March Agreement may shed additional light upon defendants' intentions. Without reviewing those provisions, this court cannot conclude, as a matter of law, that the plain language of the March Agreement rules out any intent on the part of defendants to benefit plaintiff. See Grand Heritage Management, LLC v. Murphy, No. 06 Civ. 5977, 2007 WL 3355380, at *4 (S.D.N.Y. Nov. 7, 2007) ("Dismissal of a third-party-beneficiary claim is appropriate where the contract rules out any intent to benefit the claimant."); Thomas v. New York City, 814 F. Supp. 1139, 1152 (E.D.N.Y. 1993) (denying a motion to dismiss a third-party-beneficiary claim because "the analysis of whether a party is a third-party beneficiary depends in part on the provisions of the contract at issue"; as "the plaintiffs have not submitted the contracts, . . . the Court is unable to determine the issue of whether the plaintiffs are in fact third-party beneficiaries."); Morse/Diesel, Inc. v. Atlantic Richfield Co., 199 A.D.2d 83, 83 (N.Y. App. Div. 1993) (denying motion to dismiss third-party-beneficiary claim because the

"ambiguity in the sub-subcontract does not preclude a determination as a matter of law with respect to plaintiffs' status as third-party beneficiaries"). Thus, accepting all allegations in the complaint as true and drawing all reasonable inferences in favor of plaintiff, as this court must on a motion to dismiss, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), plaintiff has sufficiently alleged a third party beneficiary claim against Konig.

This conclusion makes it necessary, however, to evaluate Konig's previous argument that the agreement entered into on May 17, 2007 ("May Agreement") superseded the March Agreement and extinguished any benefits plaintiff may have had pursuant to the March Agreement.[1] Konig's Memorandum in Support of his Motion to Dismiss at 12-13. In response to that argument, plaintiff asserts that he "relied upon defendants' representations concerning the [March Agreement], and, therefore, defendants could not extinguish Bild's rights under the [March Agreement] by simply entering into a subsequent, secret agreement between themselves." Plaintiff's Opposition to Defendants' Motions to Dismiss at 12.

"[A] subsequent contract regarding the same matter will supersede the prior contract." Barnum v. Millbrook Care Ltd. Partnership, 850 F. Supp. 1227, 1236 (S.D.N.Y. 1994). But "once a third party beneficiary accepts, adopts, or relies upon a contract, the contracting parties cannot modify that contract without the third-party beneficiary's consent." Flack v. Friends of Queen Catherine Inc., 139 F.Supp.2d 526, 539 (S.D.N.Y. 2001); see also Reproducta Co. v. Kellmark Corp., No. 92 CIV. 9362(MBM), 1994 WL 719705, at *3 (S.D.N.Y. Dec. 3, 1994).

In his Amended Complaint, plaintiff argues that he relied upon the March Agreement, and there is no indication that he consented to the May Agreement. With respect to his reliance, plaintiff alleges that "[t]he contents of the [March Agreement], to the extent it pertain[ed] to the

---

[1] This court previously concluded that the May Agreement confers no third-party-beneficiary rights upon plaintiff. Dkt. No. 69 at 17.

repayment of the Loan Agreement and the Note, were in fact communicated to Plaintiff by Mr. Weider and Mr. Roth on numerous occasions . . . " and that "Defendants intended for the contents of the [March Agreement] to be communicated to Plaintiff, in order to influence the Plaintiff's conduct . . . ." Amended Compl. ¶¶ 18-19. Specifically, "both Mr. Weider and Mr. Roth told Plaintiff that (a) Plaintiff would be adequately protected by the purported arbitration and the [March Agreement] because the [March Agreement] provided 'collateral' for the repayment of the Loan Agreement and the Note, and (b) the collateral consisted of a cemetery in Israel." Id. ¶ 20. Finally, plaintiff alleges that he relied upon his purported right to repayment contained in the March Agreement rather than pursuing other remedies against defendants. Id. ¶¶ 22-23. Following the March Agreement, there is no indication that plaintiff consented to the May Agreement.[2] Thus, plaintiff's allegations are sufficient at this stage of the litigation to preclude a finding that the May Agreement superseded the March Agreement and terminated his third-party-beneficiary rights.[3] See Reproducta Co., Inc. v. Kellmark Corp., No. 92 CIV. 9362, 1994 WL 719705, at *3 (S.D.N.Y. 1994) (promisor and promissee could not modify their original agreement after third party beneficiary relied upon it).

Accordingly, plaintiff's motion for reconsideration on this ground is granted. Konig's motion to dismiss plaintiff's third-party-beneficiary claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is denied.

---

[2] Indeed, plaintiff maintains that he did not become aware of the May Agreement until filing this suit. Pl. Opposition to Defendants' Motion to Dismiss at 12 n.5.

[3] Konig attempts to discount plaintiff's reliance upon the March Agreement by claiming that "the March 2007 document upon which plaintiff relies is incorporated into the Arbitration Agreement" and the Arbitration Agreement contains a confidentiality clause which prohibited any disclosure to plaintiff. Konig's Reply Memorandum in Support of his Motion to Dismiss at 19. Plaintiff, however, does not rely upon the Arbitration Agreement in his Amended Complaint; thus, this court may not consider it in ruling upon a motion to dismiss. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002).

III. New York General Obligations Law Section 17-101

Pursuant to Section 17-101, "[a]n acknowledgment or promise contained in a writing signed by the party to be charged thereby is the only competent evidence of a new or continuing contract whereby to take an action out of the operation of the provisions of limitations of time for commencing actions under the civil practice law and rules . . ." N.Y. Gen. Ob. L. § 17-101. To revive the statute of limitations in accordance with Section 17-101, "the writing 'must recognize an existing debt and contain nothing inconsistent with an intention on the part of the debtor to pay it.'" Bendavid v. Bendavid, No. 97 Civ. 6758(DLC), 1997 WL 737678, at *1 (S.D.N.Y. Nov. 28, 1997) (quoting Estate of Vengroski v. Garden Inn, 114 A.D.2d 927, 928, 495 N.Y.S.2d 200, 201 (2d Dep't 1985)).

Plaintiff requests that this court reconsider its conclusion that the March Agreement did not constitute a valid acknowledgement restarting the statute of limitations for his claims against Weider pursuant to Section 17-101. This court previously concluded that because the March Agreement contains neither Weider's promise to pay nor Weider's signature, it did not constitute a valid acknowledgement pursuant to Section 17-101. Plaintiff seeks reconsideration of this court's conclusion on the grounds that (i) he is entitled to discovery to prove that Weider signed the March Agreement and (ii) "there is no requirement that the party acknowledging the debt be the party who has agreed to repay it." Pl. Motion for Reconsideration at 17-18.

Even if plaintiff is correct that Weider signed the March Agreement and that the party signing an acknowledgment need not be the party that has agreed to make the payments, the March Agreement fails to render plaintiff's claim against Weider timely under Section 17-101. The March Agreement is not a valid acknowledgment on the part of Weider because it is inconsistent with an intention on his part to pay the Loan. Bendavid, 1997 WL 737678, at *1.

7

Though the March Agreement acknowledges the existence of the Loan, it does not contain an unconditional promise by Weider, or anyone acting on his behalf, to pay his debt to plaintiff. See Sichol v. Crocker, 177 A.D.2d 842, 843 (N.Y. App. Div. 1991) (holding that a letter did not constitute an acknowledgment for the purposes of Section 17-101 because while it "arguably acknowledged the existence of indebtedness, there was no unconditional promise to pay it"). Rather, the March Agreement contains a promise by Konig to fully satisfy the Loan and a promise by Roth to encourage plaintiff to accept Konig's settlement offer. March Agreement ¶ 3. Because Konig promised to fully satisfy the Loan in the March Agreement, that agreement indicates that Weider had <u>no</u> intention to pay his debt to plaintiff; the agreement shows an intention on the part of defendants to have Konig fully satisfy the debt in place of Weider. The March Agreement is inconsistent with an intention on the part of Weider to pay his debt to plaintiff.

Accordingly, the March Agreement is not a valid acknowledgment on the part of Weider under Section 17-101. Plaintiff's motion to reconsider the court's conclusion that the March Agreement did not constitute a valid acknowledgement pursuant to Section 17-101 is denied.[4]

---

[4] In his motion for reconsideration, plaintiff seeks clarification with respect to two points in the court's February 14 Order. Pl. Mem. at 4. With respect to plaintiff's first request for clarification, as stated above, the March Agreement did not constitute a valid acknowledgement under Section 17-101. With respect to its second request for clarification, footnote 4 on page 9 of the February 14 Order incorrectly refers to plaintiff's claim against Weider; it should refer to his claim against Konig.

## **CONCLUSION**

For the reasons set forth above, plaintiff's motion is granted in part and denied in part. The court finds that plaintiff has sufficiently alleged a third-party-beneficiary claim against Konig. Plaintiff's motion for reconsideration is granted on that ground. Thus, Konig's motion to dismiss plaintiff's third-party-beneficiary claim is denied. The court, however, rejects plaintiff's claim that the March Agreement constituted a valid acknowledgment pursuant to Section 17-101. His motion for reconsideration is denied on that ground.

SO ORDERED.

/s/ARR_____
Allyne R. Ross
United States District Judge

Dated: April 25, 2011
      Brooklyn, New York