UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RAFAEL BILD,

                       Plaintiff,                **ORDER**

   - v -

                                                    CV-09-5576 (ARR)(VVP)

MICHAEL KONIG, et al.,

                       Defendants.
-----------------------------------------------------------x

       The defendant Michael Konig has asked the court to strike the plaintiff's complaint because of alleged discovery violations and to compel the production of the plaintiff's tax returns.

       The motion to strike the complaint is frivolous. Konig argues that the plaintiff has failed to comply with the court's order directing him to supplement his responses to certain document requests and an interrogatory. A review of the supplemental responses discloses otherwise. The plaintiff has asserted that he has produced all documents he has been able to locate responsive to the document requests. That the documents are few in number, does not mean he has failed to comply with the court's order. A party cannot produce that which he does not have. The paucity of documents may well provide arguments in Konig's favor on the merits of the plaintiff's claims; it does not demonstrate the plaintiff's failure to comply with the order. Similarly, the plaintiff has provided a supplemental interrogatory response which has apparently provided the information in his possession concerning the sources of the funds he allegedly loaned to the defendant Wieder. Aside from one wire transfer, the response provides only a generic description of the sources but no details about any of them. Again, this lack of specificity may provide solid arguments favorable to Konig on the merits, but does not establish non-compliance with the order absent a demonstration that the plaintiff actually knows the details. There is no evidence before the court that he does. Accordingly, Konig's motion to strike the complaint and for other sanctions is DENIED.

       As to the tax returns, given the paucity of information that the plaintiff has been able to provide concerning the source of the funds he allegedly loaned out, Konig has now met the two-part test for obtaining a party's tax returns in discovery, namely, a showing of

relevance to the subject matter of the case and a compelling need for the returns because the information is not otherwise readily available.  *See, e.g., Garcia v. Benjamin Group Enterprises, Inc.*, No. CV-09-2671, 2010 WL 2076093, 1 (E.D.N.Y. May 21, 2010) (*quoting Carmody v. Village of Rockville Centre*, No. CV-05-4907, 2007 WL 2042807, at *2 (E.D.N.Y. July 13, 2007) (citations omitted)); *accord, e.g., Sadofsky v. Fiesta Products, LLC*, 252 F.R.D. 143, 149-50 (E.D.N.Y. 2008).  The plaintiff's financial capacity to make a $3 million loan, as he alleges, is a central issue in this case, and as he is unable to demonstrate that capacity by direct evidence, his tax returns would likely disclose income or assets (or the lack thereof) that would bear on his financial capacity.  *See Libaire v. Kaplan*, 760 F. Supp. 2d 288, 295 (E.D.N.Y. 2011) (tax returns reasonably expected to contain information concerning sources and amounts of income and related financial information) (*citing Gates v. Wilkinson*, No. 03–CV–763, 2005 WL 758793, at *2 (N.D.N.Y. Apr. 5, 2005)).  Accordingly, the plaintiff is directed to disclose his tax returns for the year during which the loan was allegedly made and for the immediately following year, subject, however, to the following protective order:  the returns are "for attorneys' eyes only," and neither the returns nor the information in the returns is to be disclosed to anyone, other than to the court under seal, absent a further order of the court.  The plaintiff may be questioned about the returns at a deposition, but no persons other than the attorneys for the parties and the court reporter are permitted to attend any portion of the deposition in which the returns are addressed, and that part of the transcript of the deposition shall likewise be "for attorneys' eyes only."

        SO ORDERED:

        *Viktor V. Pohorelsky*
        VIKTOR V. POHORELSKY
        United States Magistrate Judge

Dated:    Brooklyn, New York
          August 1, 2011