UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
RAPHAEL BILD,                                                       :          09-CV-5576 (ARR)
                                                                    :
                              Plaintiff,                            :          NOT FOR ELECTRONIC
                                                                    :          OR PRINT PUBLICATION
        -against-                                                   :
                                                                    :          OPINION & ORDER
MICHAEL KONIG and                                                   :
ABRAHAM WEIDER,                                                     :
                                                                    :
                              Defendants.                           :
                                                                    :
------------------------------------------------------------------- X

ROSS, United States District Judge:

        On August 3, 2011, this court upheld Magistrate Judge Viktor V. Pohorelsky's June 3,

2011 Order requiring non-party Abraham Roth (i) to appear for a deposition in this matter and

(ii) to produce unredacted copies of the March 2007 Settlement Agreement and the November

2004 Arbitration Agreement (the "Agreements").  Dkt. No. 107.  On August 17, 2011, defendant

Michael Konig requested that this court certify its August 3 Order for interlocutory appeal

pursuant to 28 U.S.C. § 1292(b).  In the alternative, Konig asked the court to certify its August 3

Order as a final judgment under Federal Rule of Civil Procedure 54(b).  For the reasons set forth

below, Konig's motion is denied.

## **DISCUSSION**[1]

I.      Section 1292(b)

        "It is a basic tenet of federal law to delay appellate review until a final judgment has been

entered."  Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996) (citing Coopers &

Lybrand v. Livesay, 437 U.S. 463 (1978)).  Under § 1292(b), however, leave to appeal an

interlocutory order may be granted when the order (i) "involves a controlling question of law,"

---

[1] The court presumes familiarity with its previous Orders in this case.

(ii) as to "which there is substantial ground for difference of opinion," and (iii) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  "Interlocutory appeals under § 1292(b) are an exception to the general policy against piecemeal appellate review embodied in the final judgment rule, and only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."  Martens v. Smith Barney, Inc., 238 F.Supp.2d 596, 600 (S.D.N.Y. 2002) (alteration in original; citations and internal quotation marks omitted).  "Section 1292(b) was not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation, or to be a vehicle to provide early review of difficult rulings in hard cases."  Id. (citations and internal quotation marks omitted).  "Rather certification is warranted only in exceptional cases, where early appellate review might avoid protracted and expensive litigation."  Id. (citations and internal quotation marks omitted).

A.      The First Prong under Section 1292(b)

Under the first prong of § 1292(b), "[t]o establish that the interlocutory decision contains a controlling question of law, the defendant must show that": (i) "reversal of the court's order would terminate the action," or (ii) "determination of the issue on appeal would materially affect the outcome of the litigation."  Garg v. Winterthur Life, 573 F.Supp.2d 763, 767-768 (E.D.N.Y. 2008) (citation omitted).  Moreover, "the question of law certified for interlocutory appeal must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record."  Stone v. Patchett, No. 08 CV 5171 (RPP), 2009 U.S. Dist. LEXIS 47852, at *4-*5 (S.D.N.Y. June 2, 2009) (finding no "controlling question of law" where the court's decision rested on a "highly fact-specific inquiry").  "The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court

properly applied settled law to the facts or evidence of a particular case." <u>Mills v. Everest</u>
<u>Reinsurance Co.</u>, 771 F.Supp.2d 270, 276 (S.D.N.Y. Oct. 28, 2009) (citing <u>McFarlin v. Conseco</u>
<u>Servs.</u>, 381 F.3d 1251, 1259 (11th Cir. 2004)).

 The court's ruling that Roth must appear for a deposition, if reversed, would not result in
termination of this action.  The critical question at issue with respect to plaintiff's third party
beneficiary claim is defendants' intent in entering into the March 2007 Settlement Agreement.
While Roth's deposition may shed light upon that factual dispute, his deposition testimony is not
dispositive of that question, and plaintiff's third-party beneficiary claim will proceed regardless
of whether his deposition occurs.  Moreover, before plaintiff deposes Roth, the court cannot say
what, if any, impact Roth's deposition will have on the disposition of this litigation.  The court
therefore cannot conclude that determination of this issue on appeal would "materially affect"
the case's outcome.  Thus, the court's ruling did not involve a "controlling question of law."

 The court's ruling that Roth must produce unredacted versions of the Agreements was
based upon a fact-specific inquiry under a settled legal standard.  Because defendants' intent in
entering into the March 2007 Settlement Agreement is the critical question here, the court
determined that plaintiff has a compelling need for unredacted versions of that agreement and the
November 2004 Arbitration Agreement, which is referred to in the March 2007 Settlement
Agreement.  <u>See</u> Dkt. No. 107 at 2; <u>Fireman's Fund Ins. Co. v. Cunningham Lindsey Claim</u>
<u>Mgmt.</u>, Nos. 03-CV-0531, 03-CV-1625 (DLI)(MLO), 2005 U.S. Dist. LEXIS 32116, at *11-*13
(E.D.N.Y. June 28, 2005).  Under the circumstances of this case, plaintiff's need for the
Agreements outweighs the interests in maintaining their confidentiality and thus he is entitled to
those documents under the applicable law.  <u>See id.</u>  Because the court's determination was the
result of a fact-specific inquiry, it did not involve a "controlling question of law."

B.      *The Second Prong under Section 1292(b)*

As to the second prong of § 1292(b), the "substantial ground for a difference of opinion"

must arise out of a genuine doubt as to whether the court applied the correct legal standard.

Baumgarten v. Cnty. of Suffolk, No. 07-CV-0539 (JS)(AKT), 2010 U.S. Dist. LEXIS 111083, at

*3 (E.D.N.Y. Oct. 15, 2010).  The requirement that such a substantial ground exists may be met

when (i) there is conflicting authority on the issue, or (ii) the issue is particularly difficult and of

first impression for the Second Circuit.  Id.  "However, it is not sufficient that the relevant case

law is 'less than clear' or allegedly 'not in accord' or that there is a 'strong disagreement among

the parties.'" In re Enron Corp., No. M-47 (SAS), 2006 U.S. Dist. LEXIS 63223, at *19

(S.D.N.Y. Sept. 5, 2006) (citations and internal quotation marks omitted).  "The mere presence

of a disputed issue that is a question of first impression, without more, is insufficient to satisfy

this prerequisite." Id. (citing In re Flor, 79 F.3d 281, 284 (2d Cir. 1996)).  "The district court

must 'analyze the strength of the arguments in opposition to the challenged ruling when deciding

whether the issue for appeal is truly one on which there is *substantial* ground for dispute.'" Id.

(quoting In re Flor, 79 F.3d at 284) (emphasis in original; citation omitted).

The court finds that there is not a "substantial ground for a difference of opinion" with

respect to its ruling that Roth must appear for a deposition to testify about certain factual matters.

In arguing that conflicting authority exists on this issue, Konig cites several cases holding that

arbitrators may not be deposed regarding the thought processes underlying their opinions.  See,

e.g., Hoeft v. MVL Group, Inc., 343 F.3d 57, 66-69 (2d Cir. 2003) (collecting cases).  But the

court's August 3 Order requiring Roth to appear for a deposition does not conflict with this

authority.  To begin with, Roth will not be deposed with respect to a deliberative opinion that he

issued; rather, he will deposed regarding a settlement agreement between the two co-defendants

in this case.  Furthermore, the court's Order limits the subject matter about which Roth must

testify to certain facts about the arbitration proceeding, and it specifically precludes questioning

about "Roth's thought processes in evaluating the strength or weakness of the evidence that was

submitted unless he revealed those thought processes to the parties in the course of discussions

that led to the settlement."  Dkt. No. 107 at 1-2.  Courts have ordered arbitrators to testify about

such factual matters in many cases.[2]  Although the parties have not identified any Second Circuit

authority that squarely addresses this issue, after considering the strength of the arguments in

opposition to the court's Order requiring Roth to appear for a deposition, the court concludes that

there is not a "substantial ground for a difference of opinion" about that ruling.

The court also finds that there is not a "substantial ground for a difference of opinion"

about its ruling that Roth must produce unredacted versions of the Agreements.  The court agrees

with Konig and plaintiff on the applicable legal standard for determining whether those

documents must be produced, and neither party has suggested that a different standard should be

used.  See Fireman's Fund, 2005 U.S. Dist. LEXIS 32116, at *11-*13.  Thus, while Konig may

disagree with the court's determination under that standard that plaintiff has shown sufficient

need for the unredacted versions of the Agreements, there is no dispute about the appropriate

legal standard.  Accordingly, the second prong of § 1292(b) is not satisfied with respect to the

court's ruling that Roth must produce unredacted versions of the Agreements.

C.     The Third Prong under Section 1292(b)

Finally, in regard to the third prong under § 1292(b), "[a]n immediate appeal is

_____

[2] See, e.g., T. McGann Plumbing, Inc. v. Chi. Journeymen Plumbers' Local 130, U.A., 522 F.Supp. 2d 1009, 1014-1015 (N.D.Ill. 2007) (ordering arbitrators to be deposed about facts related to timeliness of plaintiff's complaint); In re Ove Skou, No. 84 Civ. 1097 (WCC), 1984 U.S. Dist. LEXIS 15225, at *9 n.3 (S.D.N.Y. July 5, 1984) ("Many courts have held that arbitrators may testify about the actions of the participants in the arbitration hearing, or about other procedural aspects.") (citations omitted); Bliznick v. Int'l Harvester Co., 87 F.R.D. 490, 493 (N.D.Ill. 1980) (ordering arbitrator to be deposed about "actions of the parties at the arbitration hearing"); but see Me. Cent. R.R. Co. v. Bhd. of Maint. of Way Emp., 117 F.R.D. 485, 486-487 (declining to order deposition of arbitrator regarding "what actually happened at the arbitration proceeding").

considered to advance the ultimate termination of the litigation if that appeal promises to advance the time for trial or shorten the time required for trial." In re Enron Corp., 2006 U.S. Dist. LEXIS 63223, at *19 (alteration in original; citations and internal quotation marks omitted). This requirement "is strictly construed to preclude appeals that have no clear potential to materially advance the litigation's termination." In re 105 E. Second St. Assocs., No. M-47 (LLS), 1997 U.S. Dist. LEXIS 8019, at *5-*6 (S.D.N.Y. June 7, 1997) (citing Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp., 964 F.2d 85, 88 (2d Cir. 1992); Isra Fruit Ltd. v. Agrexco Agric. Export Co., 804 F.2d 24, 25-26 (2d Cir. 1986)) (citations omitted). "Courts place particular emphasis on the importance of this last factor." In re Enron Corp., 2006 U.S. Dist. LEXIS 63223, at *19 (citations omitted).

An interlocutory appeal with respect to either of the court's rulings in its August 3 Order would lead to further delay in an already protracted litigation. Even if both of the court's rulings were reversed on appeal, on remand, plaintiff's third-party beneficiary claim would still proceed to summary judgment and, potentially, to trial based upon other evidence adduced during discovery regarding defendants' intent in entering into the March 2007 Settlement Agreement. A piecemeal appeal of these discovery issues would needlessly delay those proceedings. An interlocutory appeal therefore would not materially advance the termination of this litigation. See Koehler, 101 F.3d at 866 (finding that interlocutory appeal was improvidently granted where "either way we rule, a remand will be required").

For the foregoing reasons, the court concludes that its August 3 Order does not satisfy the requirements under § 1292(b).

II.  <u>Rule 54(b)</u>

Under Rule 54(b), to enter a final, immediately appealable judgment, (i) there must be multiple claims or multiple parties, (ii) at least one claim, or the rights and liabilities of at least one party, must have been decided within the meaning of 28 U.S.C. § 1291, and (iii) the district court must make "an express determination that there is no just reason for delay" and expressly direct the clerk of court to enter judgment.  <u>See</u> Fed. R. Civ. P. 54(b); <u>Advanced Magnetics, Inc.</u> <u>v. Bayfront Partners, Inc.</u>, 106 F.3d 11, 16 (2d Cir. 1997).  "Generally, a district court may properly make a finding that there is no just reason for delay only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal."  <u>Id.</u> (citation and internal quotation marks omitted).  "[T]he court's power under Rule 54(b) to enter a final judgment before an entire case is concluded should be exercised 'sparingly.'"  <u>Id.</u> (citation omitted).

For the reasons discussed above with respect to § 1292(b), the court declines to find that "there is no just reason for delay" in this case.  <u>See</u> <u>Campbell v. Westmoreland Farm, Inc.</u>, 403 F.2d 939, 942-43 (2d Cir. 1968) (Section 1292(b) appeal considered improper for the same reasons that Rule 54(b) certification was improper); <u>Gen. Acquisition v. Gencorp, Inc.</u>, 23 F.3d 1022, 1032 (6th Cir. 1994) ("While the standards permitting interlocutory review under 54(b) and 1292(b) may not be precisely identical, the same factors certainly seem relevant to both types of inquiry."); 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2658.2 (stating that a court may take into the account "some of the same factors" when considering whether there is a just reason for delay under Rule 54(b) as when considering whether § 1292(b) is satisfied).  The court therefore holds that its August 3 Order does not meet the requirements of Rule 54(b).

## **<u>CONCLUSION</u>**

Konig's motion requesting that the court (i) certify its August 3, 2011 Order for

interlocutory appeal pursuant to 28 U.S.C. § 1292(b) or (ii) in the alternative, certify the Order as

a final judgment pursuant to Federal Rule of Civil Procedure 54(b) is denied.

Non-party Abraham Roth is directed to appear for a deposition in this matter and to

produce unredacted copies of the March 2007 Settlement Agreement and the November 2004

Arbitration Agreement by September 21, 2011.

SO ORDERED.


/s/ARR_____
Allyne R. Ross
United States District Judge


Dated:        September 7, 2011
              Brooklyn, New York