UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
RAFAEL BILD,

                Plaintiff,

     - v -

MICHAEL KONIG and ABRAHAM
WIEDER,

              Defendants.
--------------------------------------------------------x

**DECISION AND ORDER**

CV-09-5576 (ARR)(VVP)

     The defendant Michael Konig has made a motion for (i) an order setting a date by

which the plaintiff must produce all documents requested by the defendant, (ii) an order

precluding the plaintiff from using any documents he may produce after that date, and (iii) an

order precluding the plaintiff from offering any evidence concerning how he funded a

portion of the loan at issue because of his alleged spoliation of evidence.  As further

explained below, there is neither a factual nor a legal basis for entering the orders requested,

and the motion is therefore DENIED.

I.

     The first aspect of the defendant's motion – a deadline for production of documents

and an order precluding the use of any documents produced after the deadline – is based on

the plaintiff's alleged tardiness in producing certain documents that has supposedly

prejudiced his defense of the action.  The documents fall into three categories: (1) documents

concerning an account of an entity controlled by the plaintiff, Hampton International Ltd.,

(2) documents reflecting the terms of the loan in issue, and (3) documents concerning a safe

deposit box.  The court is unpersuaded that the alleged tardiness of the production of these

documents, to the extent there was any, has caused any prejudice to the defendant.

The significance of the documents concerning Hampton International Ltd. is marginal at best.  The account, which was maintained at Credit Suisse, was the source of approximately $1.6 million of the approximately $3 million in loan proceeds provided by the plaintiff to the defendant Wieder.  It was not the direct source, however.  Rather, the funds were wired from the Hampton account to another account held at Bank Mizrahi in Israel by an Israeli company, Commercial Consultants Ltd. (CCL), also owned by the plaintiff.  It was CCL which was the direct source of the funds to the defendant Wieder.  Thus, although the court ordered that the plaintiff produce all documents reflecting the source of the funds loaned to Wieder, documents concerning the transfer from Hampton to CCL were not clearly required to be produced.  The purpose of the order was to require the plaintiff to produce documents reflecting that the loan was actually made, and the documents reflecting a transfer of funds by CCL to the defendant was sufficient to establish such a transfer, at least to the extent that the plaintiff could establish that CCL was his company.  Indeed the source of the $1.6 million funded by CCL was not the principal concern of the defendants at the time; their focus was the absence of documentation concerning the funding of the remaining $1.4 million, which the plaintiff had attributed to transfers of cash, money orders, and third-party checks.  Thus, the plaintiff's conclusion that the order did not require production of documents relating to the Hampton account is defensible, and the court does not consider the plaintiff's failure intially to produce the documents to have been wrongful.  In any event, before the deposition of the plaintiff, the documents were produced and the defendants had ample opportunity to question the plaintiff about the account.  Ultimately,

given the concession by the defendant Wieder that he did in fact receive the funds as a loan from the plaintiff, the Hampton documents are of little significance. Thus, the court concludes that the production of the Hampton documents was not tardy, and that the defendant Konig has suffered no prejudice stemming from the timing of their production.

The defendant Konig's complaints about the plaintiff's production of documents reflecting the loan at issue are similarly overblown. The plaintiff produced copies of the Loan Agreement and Note which underlie his claims early in discovery. Later, in preparing for the plaintiff's deposition, the plaintiff's counsel recognized that the copies of those documents that had been produced in discovery did not bear a facsimile heading which provided details about how and when the documents had been transmitted. Copies with the heading were promptly produced and the plaintiff was questioned about the documents at his deposition. The defendant has not articulated any prejudice suffered by the late disclosure. Nor does the court see any tactical advantage that the plaintiff could possibly have obtained by withholding the documents since they are actually favorable to his position. Again, the court finds no basis for a preclusion order based on the above circumstances.

Finally, the defendant complains about the tardy disclosure of certain documents reflecting that a non-party arbitrator, Abraham Roth, had an interest in a safe deposit box in which documents relating to the loan at issue had been kept by the plaintiff. One of the documents is a lease agreement of the safe deposit box that lists Roth as a co-lessee. It is dated March 21, 2006. At least one other document that was timely produced, however, also listed Roth as a co-owner of the box. Thus, the later disclosure of a copy of the lease

agreement did not reveal any new information.  Indeed, it is all consistent with the knowledge of all of the parties that Roth reviewed the contents of the box as part of his role as an arbitrator in late 2005 and early 2006 seeking to resolve the dispute among the parties that is the subject of this action.[1]  Again, the defendant Konig has offered nothing to demonstrate that the timing of the disclosure of the additional documents relating to the safe deposit box (three pages) caused him to suffer any prejudice whatsoever.

The deadline requested by the defendant for the production of documents is unnecessary – deadlines have already been set and have expired.  Thus, any production of additional documents now that are responsive to requests previously made would be untimely.  The determination whether any such documents should be precluded from use, on the other hand, cannot be made now; rather, the question must be addressed when any such documents actually surface.  At that time the court can weigh the various considerations that should come into play, including the significance of the documents, the reasons for their late disclosure, the prejudice that late disclosure has caused, and any remedies short of preclusion that may be appropriate to overcome such prejudice.  The defendant has failed to persuade the court that any of the disclosures about which he has complained provide any basis for concluding that the plaintiff has acted in bad faith and that any order precluding any documents from use at trial is appropriate at this time.

---

[1]The plaintiff has explained that the reason Roth was listed as a co-owner of the safe deposit box was to enable him to gain access to the contents of the box while he was in Florida, which included documents he was called on to review during his efforts to arbitrate the disputed loan.

## II.

The second aspect of the defendant Konig's motion seeks the preclusion of any evidence, testimonial or otherwise, concerning the $1.4 million portion of the $3 million loan which the plaintiff says he funded through transfers of cash, money orders, and third-party checks.  The basis for the motion is the destruction, by the plaintiff, of the records he had kept concerning those transfers.  As noted above, the records had been kept by the plaintiff in a safe deposit box in a bank in Florida where he resides.  After the records were reviewed in late 2005 by Roth, the arbitrator the parties had hired, the documents were removed and subsequently discarded by the plaintiff by mistake in 2007 or 2008, well before the commencement of this action, when he cleared out a warehouse that contained some 200 or so boxes of his records.  The defendant Konig argues that this destruction constitutes spoliation of evidence which warrants the preclusion of any evidence about the $1.4 million in loan proceeds that those documents apparently would have served to substantiate.

Spoliation, which is defined as "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation," *Byrnie v. Town of Cromwell, Board of Education,* 243 F.3d 93, 107 (2d Cir.2001) (quoting *West v. Goodyear Tire & Rubber Co.,* 167 F.3d 776, 779 (2d Cir.1999)), may give rise to sanctions, including the preclusion of evidence as the defendant Konig seeks here.  *E.g., Orbit One Communications, Inc. v. Numerex Corp.*, 271 F.R.D. 429, 435 (S.D.N.Y. 2010); *Richard Green (Fine Paintings) v. McClendon*, 262 F.R.D. 284, 288 (S.D.N.Y. 2009). Although typically the question of sanctions for spoliation arises in connection with the

destruction of evidence after a lawsuit has commenced, *see, e.g., Kronisch v. United States*, 150 F.3d 112, 126-27 (2d Cir. 1998); *McClendon*, 262 F.R.D. at 287-88, "[a] party has the obligation to preserve evidence when the party is on notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Whitney v. JetBlue Airways Corp.*, 07 CV 1397 (CBA), 2008 WL 2156324, at *3 (E.D.N.Y. Apr. 29, 2008) (quoting *Fujitsu Ltd. v. Federal Express Corp.*, 247 F.3d 423, 436 (2d Cir.2001) (internal quotations omitted). Ultimately, the question of sanctions is committed to the sound discretion of the trial judge, and is to be assessed on a case-by-case basis. *Fujitsu Ltd. v. Fed. Exp. Corp.*, 247 F.3d 423, 436 (2d Cir. 2001).

Courts in this circuit have typically required a party seeking sanctions for spoliation to establish three things: (1) that the party responsible for destroying the evidence had a duty to preserve it at the time of its destruction; (2) that the evidence was destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to a claim or defense of the party seeking sanctions such that a reasonable trier of fact could find that it would support that claim or defense. *See, e.g., Residential Funding Corp. v. Degeorge Financial Corp.*, 306 F.3d 99, 107-08 (2nd Cir. 2002); *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 107-08 (2nd Cir. 2001); *Whitney*, 2008 WL 2156324, at *3; *Orbit One Communications, Inc. v. Numerex Corp.*, 271 F.R.D. 429, 436 (S.D.N.Y. 2010). The defendant's motion founders on all three of the above requirements.

There is considerable question whether the plaintiff had any duty to preserve the documents at issue at the time they were destroyed. The destruction occurred in 2007 or

2008, well over a year before this action was filed, and there has been no showing that litigation was even contemplated at that time.  Indeed, it appears that following the commencement of the arbitration in 2005, an agreement had been reached which the plaintiff believed had resolved the matter in 2007.  Thus, although litigation to which the documents were relevant ultimately ensued, at the time the documents were mistakenly destroyed the plaintiff had no reason to believe that litigation about the matter was at all likely.

As for the plaintiff's culpability with respect to the destruction, although the Second Circuit has asserted that negligence alone may be sufficient to meet the culpable-state-of-mind requirement, *Residential Funding Corp.*, 306 F.3d at 108, the Second Circuit has also noted that the cases have required higher showings of culpability, such as intentional destruction of evidence, destruction in bad faith, or at least gross negligence before sanctions were actually imposed.  *See Byrnie*, 243 F.3d at 107-08 (citations omitted).  Here, the available facts concerning the destruction suggest nothing more than simple negligence – a mistake on the plaintiff's part.  Although the defendant argues that the destruction was intentional, the argument is nonsense.  What motive would the plaintiff have to intentionally destroy the evidence that substantiates the loan that he alleges as the basis for his claim, evidence upon which the arbitrator based his conclusion in 2006 that the loan had in fact been made?  In the circumstances of this case, where the destruction of documents occurred as a result of a mistake at a time when litigation was not even in contemplation, the requisite culpability for imposing sanctions does not exist.

Finally, the defendant has utterly failed to establish that the destroyed evidence would support his defense in this action.  He has not even attempted to show that the contents of the documents that the plaintiff destroyed would somehow provide proof to support his defense that the loan alleged by the plaintiff was not funded.  The party that has suffered prejudice by the destruction of the documents is the plaintiff, not the defendant.

The defendant has failed to establish any basis for imposing any sanction on the plaintiff for his negligent destruction of documents that would have assisted his own case, and whose absence will only serve to aid the defendant's.  Accordingly, this aspect of the defendant's motion must also be denied.

III.

When the defendant Konig announced that he wished to make the instant motion, the court warned his counsel that if the court deemed the motion to be frivolous he could expect to pay his adversary's attorneys' fees in defending the motion.  The motion has indeed bordered on the frivolous.  Nevertheless, the court has found no clear authority in the Federal Rules of Civil Procedure or in other law for the imposition of such a sanction at this time.  Rule 37 of the Federal Rules of Civil Procedure does not provide such authority. Section 1927 of title 28, United States Code, is a potential source for such a sanction, but that provision requires a finding that counsel has multiplied proceedings "unreasonably and vexatiously."  Thus, although this action has produced more than the usual number of discovery disputes, a detailed showing by the plaintiff of repeated, frivolous conduct by the defendant in connection with those disputes, supported by the record, would be required to

support an order shifting fees.  Such a showing has not yet been made.  Finally, the court recognizes that it possesses inherent supervisory power, beyond the applicable statutes and rules, to impose sanctions for bad-faith conduct by parties and their attorneys.  *See generally, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).  Again, however, the case has not yet been made that the record would support a conclusion that the defendant Konig and his counsel are acting in bad faith.  On the other hand, further motions as paltry as this one would certainly add persuasive evidence for such a case.

**SO ORDERED:**

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:    Brooklyn, New York
          June 14, 2012

-9-